

CONFORM AND RETURN

1  LEWIS ANTEN, Esq., State Bar No. 56459
2  IVY CHODERKER, Esq., State Bar. No. 210612
3  lewisanten@mindspring.com
   LEWIS ANTEN, A PROFESSIONAL CORP.
4  16830 Ventura Boulevard, Suite 236
5  Encino, California 91436
   Telephone: (818) 501-3535
6  Facsimile: (818) 501-4138
7
8  Attorneys for Plaintiff Catco, Inc.

9

10              UNITED STATES DISTRICT COURT
11          FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13  CATCO, INC., a California corporation,   CASE NO: CV11- 07208 MMM (RZx)
14
                 Plaintiff,                  COMPLAINT FOR:
15      vs.
16                                           1. DECLARATORY
    SHUFFLE TECH INTERNATIONAL,                 JUDGMENT RE: NO
17  LLC, an Illinois limited liability          CONTRACT;
18  company,
                                             2. UNJUST ENRICHMENT
19               Defendant.
20
21                                           DEMAND FOR JURY TRIAL
22

23
24      Plaintiff Catco, Inc. (hereinafter "Plaintiff Catco") hereby alleges

25  against Defendant Shuffle Tech International, LLC (hereinafter "Defendant Shuffle

26  Tech") as follows:
27
28

                                    1

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this civil action, which seeks a declaratory judgment that there is not a binding contract between Plaintiff Catco and Defendant Shuffle Tech and damages for unjust enrichment, pursuant to 28 U.S.C. §§ 1332, 2201 *et seq.*, and 1367. There is diversity of citizenship as Plaintiff Catco is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 22254 Mayall Street, Chatsworth, California 91311; Plaintiff Catco is informed and believes, and on that basis alleges, that Defendant Shuffle Tech is a limited liability company organized and existing under the laws of the State of Illinois, Rick Shultz, a member of Defendant Shuffle Tech is a citizen of the United States and domiciled in Illinois, all of the remaining members of Defendant Shuffle Tech are citizens of the United States and are domiciled in states other than California, and Defendant Shuffle Tech has its principal place of business located at 1440 North Kingsbury, Chicago, Illinois 60642. The amount in controversy exceeds seventy-five thousand ($75,000) dollar, exclusive of interest and costs, as the agreement being negotiated between Plaintiff Catco and Defendant Shuffle Tech that is the subject of the declaratory judgment claim set forth herein, involved advanced payments, royalties, and other compensation in excess of seventy-five thousand ($75,000)

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

dollars and the unjust enrichment claim set forth herein involves allegations that Defendant Shuffle Tech has been unjustly enriched in an amount of at least eighty thousand ($80,000) dollars. There is a justiciable and actual controversy between the parties with respect to whether there is a binding contract between the parties or merely documents outlining proposed terms for an agreement that was being negotiated. Plaintiff Catco denies that there is a binding contract between the parties obligating performance and Defendant Shuffle Tech has stated that it believes there is a binding agreement between the parties and has demanded performance by Plaintiff Catco.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and because Defendant Shuffle Tech is subject to the personal jurisdiction of the Court in this judicial district.

3. This Court has personal jurisdiction over Defendant Shuffle Tech because Defendant Shuffle Tech, at all relevant times herein, was and is doing business in the State of California and this judicial district, including, but not limited to, attending meetings with Plaintiff Catco to negotiate the proposed contract that is the subject of this Complaint, in the State of California and this judicial district; regularly and systematically conducts or solicits business and/or derives substantial revenue from international, inter-state, and intra-state commerce, including

specifically from commerce conducted within and with the State of California and this judicial district, in the State of California, within this judicial district; and/or reasonably expected its acts to have consequences within the State of California.

## THE PARTIES

4. Plaintiff Catco is a California corporation organized and existing under the laws of the State of California, with its principal place of business located at 22254 Mayall Street, Chatsworth, California 91311. Plaintiff Catco is engaged in the business in manufacturing and selling playing cards, including to companies in the United States, including to companies within this judicial district.

5. Plaintiff Catco is informed and believes, and on that basis alleges, that Defendant Shuffle Tech is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 1440 North Kingsbury, Chicago, Illinois 60642. Plaintiff Catco is informed and believes, and on that basis alleges, that Defendant Shuffle Tech is engaged in the business of designing, manufacturing, and/or selling shuffler machines for playing cards, and other products and accessories for playing cards, including within the United States, including within this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELEIF

6. At least as early as April 2011, Plaintiff Catco and Defendant Shuffle

Tech began negotiating with each other to enter into a development and license agreement whereby, in relevant part, Defendant Shuffle Tech would license certain patents and other related technology for playing card shuffler machines to Plaintiff Catco, and Plaintiff Catco would provide development and other money to Defendant Shuffle Tech related to the technology that would be the subject of the proposed agreement.

7. Negotiations between Plaintiff Catco and Defendant Shuffle Tech for the proposed development and licensing agreement involved telephone conversations and written correspondence between Plaintiff Catco and Defendant Shuffle Tech, including, but not limited to, a letter dated May 15, 2011, sent by Rick Shultz, the Manager/CEO of Defendant Shuffle Tech to Chris Anderson and Chazz Anderson, officers of Plaintiff Catco, proposing certain terms to the deal being negotiated (hereinafter, "May 15 Letter of Proposed Terms").

8. The May 15 Letter of Proposed Terms clearly indicates on its face that it is merely an outline of proposed terms that Plaintiff Catco and Defendant Shuffle Tech were in the midst of negotiating and attempting to work out into an agreement. For example, but without limitation, the May 15 Letter of Proposed Terms states, (a) "Thank you for your letter of April 19 outlining your proposed offer for cash needed for development and for the proposed licensing terms and royalties. We have reviewed this carefully, and would like to propose the

5

following terms. Following are proposed terms . . . . .", and (b) "We look forward to the opportunity to work with you to move this project forward". Defendant Shuffle Tech's own language indicates that the May 15 Letter of Proposed Terms was one of several documents containing proposed terms being negotiated.

9. Further indicating that the May 15 Letter of Proposed Terms is merely correspondence containing proposed terms is that the proposed terms outlined therein are vague, indefinite, uncertain, incomplete, and not mutually agreed-upon by both Defendant Shuffle Tech and Plaintiff Catco, indicating that the parties were still in the midst of negotiating the proposed terms. For example, but without limitation, the May 15 Letter of Proposed Terms states, "The license *will be* for an initial term of 5 years . . . ." (emphasis added), and in regards to insurance/indemnity, "[We are assuming that the entire premium is payable in advance . . . .]". The May 15 Letter of Proposed Terms also acknowledges that Defendant Shuffle Tech has an agreement with a third party, Wolff Gaming, Inc. (hereinafter "Wolff"), acknowledges the possibility of legal action between Defendant Shuffle Tech and Wolff, and proposes terms for its deal with Plaintiff Catco that takes into account the situation with Wolff.

10. The May 15 Letter of Proposed Terms was never signed by Plaintiff Catco, further indicating that this letter is merely an outline of proposed terms being negotiated.

11. The May 15 Letter of Proposed Terms also acknowledges that Shuffle Tech needed an infusion of money in order to maintain its operations; pay legal fees, salaries, and suppliers; and continue developing the technology that was to be the subject of a the deal between Plaintiff Catco and Defendant Shuffle Tech, and proposes terms whereby Plaintiff Catco would provide development money to Defendant Shuffle Tech.

12. Accordingly, with the expectation that an agreement would be reached with Defendant Shuffle Tech, Plaintiff Catco advanced Defendant Shuffle Tech eighty thousand ($80,000) dollars on or about May 24, 2011.

13. After Defendant Shuffle Tech sent The May 15 Letter of Proposed Terms to Plaintiff Catco and after Plaintiff Catco gave the eighty thousand ($80,000) dollars of development money to Defendant Shuffle Tech, the parties continued to negotiate the terms of the deal, including by email, telephone, and at a face-to-face meeting on or around July 25, 2011, in Chatsworth, California, between Chris Anderson of Plaintiff Catco, and Rick Shultz, the Manager/CEO of Defendant Shuffle Tech, and counsel for the parties. During this meeting the parties negotiated numerous terms of the proposed agreement. Also during this meeting, Defendant Shuffle Tech, for the first time, showed Plaintiff Catco the front page of a prior written agreement between Defendant Shuffle Tech and Wolff for the same technology that was the subject of the agreement being negotiated

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

between Plaintiff Catco and Defendant Shuffle Tech (hereinafter "Wolff Agreement"). Prior to seeing the front page of the Wolff Agreement, including at the time that Plaintiff Catco advanced the eighty thousand ($80,000) dollars to Defendant Shuffle Tech, Plaintiff Catco was not fully aware of the nature of Defendant Shuffle Tech's prior agreement and situation with Wolff, and not fully knowing the extent to which the Wolff situation would prevent Plaintiff Catco from proceeding with a deal with Defendant Shuffle Tech.

14. Because the Wolff Agreement would potentially prevent, for various reasons, Plaintiff Catco from entering into a development and licensing deal with Defendant Shuffle Tech, Plaintiff Catco, at the meeting, asked to see the entire Wolff Agreement to evaluate and determine whether it could proceed with a development and licensing deal with Defendant Shuffle Tech. Defendant Shuffle Tech refused to show the entire Wolff Agreement to Plaintiff Catco. The parties left the meeting without having reached an agreement.

15. Later that same night as the July 25, 2011, meeting, Rich Shultz of Defendant Shuffle Tech called Chris Anderson of Plaintiff Catco and for the first time informed Plaintiff Catco that the Wolff Agreement would be an impediment to its entering deal with Plaintiff Catco and stating that the situation with Wolff would have to be resolved before Defendant Shuffle Tech could make a deal with Plaintiff Catco.

16. Thereafter, on August 18, 2011, Chris Anderson of Plaintiff Catco sent an email to Rick Shultz of Defendant Shuffle Tech, indicating that in order for the parties to move forward with even negotiating a deal, Plaintiff Catco would require, among other things, that Defendant Shuffle Tech show the entire Wolff Agreement to the lawyers for Plaintiff Catco, and that Defendant Shuffle Tech give Plaintiff Catco a security interest in the patents and related technology that was to be the subject of the parties' deal.

17. In response thereto, on August 18, 2011, Rich Shultz of Defendant Shuffle Tech sent Chris Anderson of Plaintiff Catco an email characterizing the May 15 Letter of Proposed Terms as the "May 15 Agreement"; stating that it expected Plaintiff Catco to perform pursuant to the May 15 Letter of Proposed Terms; stating that Defendant Shuffle Tech would not grant a security interest in the patents and related technology to Plaintiff Catco; stating that it would take steps to obtain a release from Wolff, but acknowledging that it is unlikely to obtain a mutually agreed-upon release from Wolff; acknowledging that the situation with Wolff would most likely not be resolved without a lawsuit; stating that Defendant Shuffle Tech would likely have to proceed with legal action against Wolff in Illinois; and stating that it would not provide the Wolff Agreement to Plaintiff Catco's lawyers.

18. On August 29, 2011, Chris Anderson of Plaintiff Catco and Rick Shultz of

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

Defendant Shuffle Tech had further discussions over the telephone in furtherance of negotiating to reach a final agreement. During this telephone discussion, Chris Anderson told Rick Shultz that in order to continue negotiating to reach an agreement, Plaintiff Catco would require that Defendant Shuffle Tech provide Catco with a copy of the Wolff Agreement and a personal guarantee for the eighty thousand ($80,000) in development money that Plaintiff Catco advanced Shuffle Tech.

19. On August 30, 2011, Rich Shultz sent Chris Anderson an email (hereinafter the "August 30 Email") with an attached letter (hereinafter the "August 30 Letter"), (hereinafter collectively "August 30 Correspondence"), in both of which he characterizes the May 15 Letter of Proposed Terms as a binding agreement and states that he is providing an outline of modifications that he states he and Chris Anderson agreed to. Attached to the August 30 Email are copies of the purported Wolff Agreement documents, as well as another draft agreement between Defendant Shuffle Tech, Wolff, and a Canadian company, DEQ System Corp., for the same technology that was to be the subject of the agreement being negotiated between Plaintiff Catco and Defendant Shuffle Tech. In the August 30 Email, Rich Shultz states that he will have a personal guarantee document prepared later that day. In the August 30 Letter, Rich Shultz states, "Following our discussion yesterday, this is to confirm that we have mutually agreed to modify two parts of

10

our May 15, 2011 Letter of Agreement, but otherwise we are moving forward based on the terms of that Agreement." The August 30 Letter contains proposed modified terms and acknowledges that there are further terms that will need to be further discussed and modified; for example, in the August 30 Letter, Rick Shultz states, "With respect to the advance on royalties, we need to discuss a modification to the schedule . . . ." The August 30 Letter also states that Defendant Shuffle Tech will likely proceed with legal action against Wolff for a declaratory judgment regarding its development and distribution deal with Wolff, thus acknowledging the possibility that the Wolff situation still poses a possible impediment to Defendant Shuffle Tech and Plaintiff Catco entering into a binding agreement. The August 30 Correspondence is not signed by Plaintiff Catco.

20. Neither Chris Anderson, nor anyone else from Plaintiff Catco, responded to Rich Shultz's August 30 Correspondence confirming, or further discussing or negotiating, the proposals contained therein. Plaintiff Catco disputes that Plaintiff Catco and Defendant Shuffle Tech have reached and/or entered into a binding agreement.

### COUNT I
### (Declaratory Judgment Re: No Contract)
### (Against Defendant Shuffle Tech)

21. Plaintiff Catco re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, of this Complaint, as though fully set forth herein.

11

22. Plaintiff Catco seeks a declaration that there is no binding contract between Plaintiff Catco and Defendant Shuffle Tech, and specifically that the May 15 Letter of Proposed Terms and/or August 30 Correspondence is not a binding contract.

23. The May 15 Letter of Proposed Terms clearly indicates on its face that it is merely an outline of proposed terms that Plaintiff Catco and Defendant Shuffle Tech were in the midst of negotiating and attempting to work out into an agreement; the proposed terms contained in the May 15 Letter of Proposed Terms are vague, indefinite, uncertain, incomplete, and not mutually agreed-upon by both Defendant Shuffle Tech and Plaintiff Catco; the May 15 Letter of Proposed Terms is not signed by Plaintiff Catco; and there has not been substantial performance by Plaintiff Catco and/or Defendant Shuffle Tech pursuant to the May 15 Letter of Proposed Terms.

24. The August 30 Correspondence merely contains proposed modified terms, which are vague, indefinite, uncertain, incomplete, and not mutually-agreed upon; acknowledges that further discussion and modification is needed as to key terms, such as royalty schedule; and is not signed by Plaintiff Catco. Further, there has not been substantial performance by Plaintiff Catco and/or Defendant Shuffle Tech pursuant to the May 15 Letter of Proposed Terms or August 30 Correspondence.

25. Plaintiff Catco denies that there is a binding contract between Plaintiff

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

Catco and Defendant Shuffle Tech, and specifically denies that the May 15 Letter of Proposed Terms and/or August 30 Correspondence is a binding contract, and further denies that Plaintiff Catco is required to perform pursuant to the May 15 Letter of Proposed Terms and/or August 30 Correspondence. Defendant Shuffle Tech has characterized the May 15 Letter of Proposed Terms and/or August 30 Correspondence as an "agreement" and has stated to Plaintiff Catco that it expects Plaintiff to perform pursuant to the May 15 Letter of Proposed Terms and/or August 30 Correspondence.

26. An actual controversy exists between Plaintiff Catco and Defendant Shuffle Tech as to whether the May 15 Letter of Proposed Terms and/or August 30 Correspondence is a binding contract requiring performance.

## COUNT II
### (Unjust Enrichment)
### (Against Defendant Shuffle Tech)

27. Plaintiff Catco re-alleges and incorporates herein by reference paragraphs 1 through 26, inclusive, of this Complaint, as though fully set forth herein.

28. As a direct and proximate result of the conduct alleged herein, specifically Defendant Shuffle Tech's retention of the eighty thousand ($80,000) dollars in development money paid by Plaintiff Catco's to Defendant Shuffle Tech in expectation that Plaintiff Catco and Defendant Shuffle Tech would reach an agreement on the deal they were in the process of negotiating and enter into a

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

signed, binding contract thereon, and the resultant failure of the parties to enter into a signed, binding contract, Defendant Shuffle Tech has been conferred, unjustly and unreasonably, a benefit and has been unjustly enriched at the expense and to the detriment of Plaintiff Catco.

29. The impediment to Plaintiff Catco and Defendant Shuffle Tech continuing to negotiate their proposed agreement is solely the fault of Defendant Shuffle Tech.

30. By reason of this unjust enrichment to Defendant Shuffle Tech, to the detriment of Plaintiff Catco, Plaintiff Catco is entitled to recover the benefit unjustly conferred on Defendant Shuffle Tech as described herein, in an amount not less than eighty thousand ($80,000) dollars, exclusive of costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Catco prays for relief as follows:

A.  For entry of a judgment declaring that the May 15 Letter of Proposed Terms and/or August 30 Correspondence is not a binding contract;

B.  For entry of a judgment declaring that Plaintiff Catco is not obligated to perform under the May 15 Letter of Proposed Terms, the August 30 Correspondence, or any other document.

C.  For an award of damages in the amount that Defendant Shuffle

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

Tech has been unjustly enriched, said amount to be proven at trial, but in no event less than eighty thousand ($80,000) dollars;

  D.  For an award of Plaintiff Catco's costs and expenses, including, attorneys' fees, incurred in prosecuting this action, as permitted by applicable law;

  E.  For pre-judgment interest as permitted by applicable law; and

  F.  For an order awarding Plaintiff Catco such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LEWIS ANTEN, A PROFESSIONAL CORPORATION

Dated: 8/31/11

_____
LEWIS ANTEN
IVY CHODERKER
Attorneys for Plaintiff Catco, Inc.

I:\Anten\CATCO\COMPLAINT. DECL JMT d10.doc

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CATCO, INC.

**DEFENDANTS**
SHUFFLE TECH INTERNATIONAL, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Lewis Anten, Esq., State Bar No. 56459     Tel.: (818) 501-3535
Ivy Choderker, Esq., State Bar No. 210612
LEWIS ANTEN, P.C., 16830 Ventura Boulevard, Encino, California 91436

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ At least $80,000 in damages, etc.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Declaratory Judgment Re: No Contract; and (2) Unjust Enrichment (28 U.S.C. Sections 1332, 2201 et seq., and 1367)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-07208

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ilinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 8/31/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV11- 7208 MMM (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

Name & Address:
Lewis Anten, Esq., State Bar No. 56459
Ivy Choderker, Esq., State Bar No. 210612
LEWIS ANTEN, A PROFESSIONAL CORP.
16830 Ventura Boulevard, Suite 236
Encino, California 91436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATCO, INC., a California corporation,<br><br>PLAINTIFF(S)<br>v.<br>SHUFFLE TECH INTERNATIONAL, LLC, an Illinois limited liability company,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-07208 MMM(RZx)**<br><br>**SUMMONS** |

TO: DEFENDANT(S): SHUFFLE TECH INTERNATIONAL, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Lewis Anten__, whose address is __LEWIS ANTEN, P.C., 16830 Ventura Boulevard, Suite 236, Encino, CA 91436__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __AUG 31 2011__

Clerk, U.S. District Court

By: _____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*